JOHN F. STARR *vs.* CUMBERLAND DUGAN & THOMAS C. JENKINS ET AL.

LIMITED PARTNER NOT TO BE A PREFERRED CREDITOR UNDER A DEED OF TRUST OF HIS CO-PARTNER: ESTOPPELS: EQUITABLE ELECTION: MORTGAGE.—J. M. S. trading under the name of the "Phœnix Metre Company," made a conveyance of all his property to C. M., in trust, after payment of expenses. 1st. to pay to J. F. S. $7,500 and interest, secured by a mortgage on the real and personal estate of J. M. S.; 2nd. to pay salaries of clerks and wages of workmen; 3rd. to pay borrowed money; 4th. to pay creditors who shall release within sixty days; and 5th. to pay all other creditors. Under a petition of the trustee, C. M., to bring the trust fund into Court to be there administered, and an order of Court and notice to creditors to file their claims, J. F. S. filed his mortgage claim of $7,500, and a claim on general account, and exceptions were filed to said claims by creditors of the 4th class who came in after notice, and adduced testimony to the effect, that J. M. S. holding two shares of the stock of the P. M. Co. became the transferee, in his own name of the two remaining shares under a purchase in which J. F. S. furnished and paid the purchase money, the said J. M. S. executing to him the mortgage for $7,500, as collateral security for the performance of a contract then made by him, to purchase back said two remaining shares, within a given time.—HELD :

1st. That J. F. S. as to the excepting creditors was a partner in the Phœnix Metre Company, and as such, not entitled out of the trust fund to satisfaction either of his mortgage debt, or of his account, to the exclusion of the claims of such creditors.

2nd. Although there is no rule of equity better established, than that a party is not allowed to take a benefit under a will or deed, and at the same time defeat the provisions of the instrument; yet it is competent for one class of persons for whose benefit a deed is made, to contest the claim of another creditor or class of creditors.

3rd. The mortgage of J. F. S., if valid at all, must derive its validity from its own intrinsic merits, independently of and not through the deed of trust, and to question it is not, therefore, to invalidate the deed.

4th. If the mortgage be legally inoperative and void as against the excepting creditors, the principle of equitable election does not apply to them. They may claim under the deed, and are not estopped from insisting upon the invalidity of the mortgage.

APPEAL from the Equity side of the Superior Court of Baltimore City.

This appeal is taken from an order finally ratifying an Auditor's report and account, which rejected a mortgage claim of John F. Starr, the appellant, and distributed the trust fund in controversy to the appellees.

The proceeding in which the order appealed from was passed, originated in a petition filed by Charles Marshall, Trustee, on the 11th of May 1858, alleging in substance, that by a deed bearing date the 7th of October 1857, the petitioner was appointed trustee for the benefit of the creditors of John M. Slaney, Sen., trading as the Phœnix Metre Company, that by said deed the said Slaney conveyed to the petitioner all his property upon the following trusts: 1st. For the payment to John F. Starr, the sum of $7,500, and interest, secured by a mortgage on the real and personal estate of the grantor; 2nd. for payment of salaries of clerks and wages of workmen; 3rd. for the payment of borrowed money; 4th. for the payment of the claims of creditors who should release within sixty days; and 5th. for the payment of all other creditors.

The petition further alleges that at the time the said property came into the hands of the petitioner, much of it consisted of unfinished articles of the kind manufactured by said Slaney, in various states of forwardness, and of materials prepared for the manufacture of such articles, all of which unfinished articles and materials were comparatively worthless in their then condition,

being saleable only as old metal, and of but little value as such; and that the petitioner, at the request of a number of the creditors of said Slaney, proceeded to finish said articles as far as he was able, and to make the same saleable and of value to the estate.

The petition then sets forth the amount received by the trustee, from the manufacture and sale of articles and materials furnished, from the sale of stock, tools and machinery, and from other sources: asks that the petitioner be allowed his commissions and expenses; and prays that the accounts of the trustee estate be referred to the auditor, to be stated by him, and that the funds in the hands of the petitioner may be distributed under the order of the Superior Court.

On the same day on which the petition was filed, there was also filed a release of a number of creditors of said Slaney, a bond was given by the trustee for the faithful administration of the trust, and an order passed by the court requiring the creditors of John M. Slaney, Sen., trading as the Phœnix Metre Company, after a notice by publication of three weeks by the trustee, to file their claims against said Slaney, properly authenticated, with the clerk of the Superior Court.

The appellant, Starr, filed two claims in court: one a claim on general account, showing a balance of principal due him on such account, of $3,015.39½; the other a claim on bond and mortgage, with an affidavit in the usual form.

The case having been referred to the auditor, he stated his first account distributing the funds reported by the trustee as in his hands, and assigning the balance, not absorbed in prior charges, to the appellant, Starr, in part for his mortgage claim.

The appellees and others, creditors of Slaney, who had filed their claims, excepted to the auditor's account. Among other grounds of exception, it was alleged that

Starr was, in fact, a partner in the business conducted by Slaney, under the name of the Phœnix Metre Company, and that his mortgage claim had no validity against the real creditors of Slaney, and of said partnership.

The cause was then remanded to the auditor, with instructions to take testimony in the matter of the exceptions, who subsequently filed his report of testimony taken, the substance of which is thus succinctly stated in the brief of the appellee's counsel:

On or about the 16th March 1855, the property and business of the Phœnix Metre Company was represented by four shares. Of these John M. Slaney, Sr., owned two, and Tansley and Rollins one each.

On the 16th February 1855, Tansley & Rollins agreed to sell their shares to Slaney, Sr., for $2,000, the purchase to be completed within four weeks, in the mean time each to receive $12 per week as his proportion of the profits, and John M. Slaney, Sr., to receive $24 as his proportion. Between the 16th February and 16th March 1855, John M. Slaney, Jr., as agent for his father, applied to John F. Starr, the appellant, to purchase the interest of Tansley & Rollins, offering on the part of his father, that if Starr would buy it at the price agreed upon, $2,000, his father would re-purchase at the end of five years for $7,500, the value of a one-half interest, as estimated by John M. Slaney, Sr. This offer was accepted, but the mortgage was nevertheless made for one year only. On the 16th March 1855, Tansley & Rollins assigned all their interest to John M. Slaney, Sr., for $2,000, which amount was paid by James M. Saunders, who received it from Starr. Starr also paid for drawing and recording the papers. On the same day, (16th March 1865,) John M. Slaney, Sr., executed a mortgage to John F. Starr to secure the payment of $7,500, and interest, in one year from date.

The witness, John M. Slaney, Jr., produced on the part of Starr, states that this mortgage was given as collateral, to secure the performance of the contract of re-purchase above referred to. No money, other than the $2,000 referred to, was paid by Starr at the execution of the mortgage for $7,500.

After the mortgage was given, Starr procured orders for work, and loaned money and notes from time to time to the Phœnix Metre Company; he was frequently at the office and works, and sometimes gave directions to the clerk to make entries.

Shortly before the assignment in trust to Mr. Marshall, the sum of $2,040.32 was entered to the credit of Starr in his open account with the Phœnix Metre Company. Starr was allowed $24 per week, less the salary of Morrison, the clerk, which reduced Starr's allowance to $15.94. The entry is made September 5th 1857, and is for one hundred and twenty-eight weeks at $15.94. To the 1st September it was one hundred and twenty-eight weeks from 16th March 1855, the date of the purchase of Tansley & Rollins' interest.

Before their two shares were sold, Tansley drew $12, Rollins $12, and Slaney, Sr., $24 per week. After the sale, Slaney, Sr., was to draw $24, Starr $24, less Morrison's salary. The witness, Slaney, Jr., states that this was for salary as travelling agent, but the amount is computed from the date of the purchase of Tansley & Rollins' interest, and the entry was made in the books for the first time about a month before Slaney's assignment in trust. No entry of the alleged mortgage debt of $7,500, nor of the sum of $2,000 actually paid by Starr, was ever made in the books of the Phœnix Metre Company, in their account with Starr for loans of money and notes, or elsewhere.

On the whole evidence, the auditor regarded Starr as a partner, and submitted account B. rejecting all his

claims. The Court, (LEE, J.,) adopting the auditor's conclusions, passed the order of the 26th of February, ratifying account B., from which order Starr appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Wm. Schley*, for the appellant.

1st. The proof does not establish, that the appellant was a partner in the business conducted under the name of the Phœnix Metre Company; but, on the contrary, the fact is clearly made out, that he was not a partner.

2nd. If, upon any view of the testimony, it should be considered, that the appellant, as to third persons, was liable, as if a partnership, in fact, had existed between the appellant and John M. Slaney, Senr.; yet such liability of the appellant, as to third persons, did not alter the relation, *inter sese*, as between said John M. Slaney, Senr., and the appellant. The property covered by the deed, was the individual property of said Slaney, and he had the power, if he was really indebted to the appellant, to provide for payment of said indebtedness, in the mode proposed by said deed. Such third parties, as might be able to charge the appellant with liability to them, for their claims against said Slaney, would still be free to pursue all their remedies. *Kerr vs. Potter*, 6 *Gill*, 423. *Glenn vs. Gill*, 2 *Md. Rep.*, 1, 16. 1 *Sm. Lead. Ca.*, 980, notes to *Waugh & Carver*. *Hesketh vs. Blanchard*, 4 *East.*, 144.

3rd. There is not the slightest imputation upon the general account of the appellant, beyond what is involved in the suggestion, that he was a partner. Even if the amount claimed was too large, then, reduction not exclusion, would be proper. This claim of the appellant was in the third class; and should have been allowed for its true amount, in priority to those claims, which were in

the fourth class. The mortgage claim of the appellant was not only protected by the mortgage, as a lien, but was, expressly and explicitly, preferred in the deed. Even if upon any just ground, the amount for which the mortgage was given was too large, and even if it could be assailed in this indirect manner, still, equity would uphold the mortgage for the actual real consideration. *Lane vs. Page, Ambler*, 235.

4th. The proceedings in this case were had in pursuance of the Act of 1845, chapter 166, and were based, as its foundation, on the deed of trust. Persons, who come in, under this proceeding, cannot claim against, or in disaffirmance of, the validity of the deed or the trusts thereof. The rights of parties to the proceeding, must be regulated and controlled in this proceeding by the deed of trust. Suitors are not permitted to blow hot and cold in the same breath. They may sue the appellant, by a proceeding *in personam;* they might have attacked the deed of trust, by an adversary proceeding, seeking to set it aside;—they might, by a proceeding, *per directum*, have attacked the mortgage. But having elected to come in, under the deed, they must give it efficacy, in all its provisions. *Moale vs. Buchanan*, 11 *G. & Johns.*, 326 and 327. *McElfresh vs. Schley*, 2 *Gill*, 181. *Lanahan vs. Latrobe*, 7 *Md. Rep.*, 268. *Goodburn vs. Stevens*, 1 *Md. Ch. Dec.*, 420. *Bradford vs. Williams*, 2 *Md. Ch. Dec.*, 1. *Jones vs. Horsey*, 4 *Md. Rep.*, 306. *Clay vs. Smith*, 3 *Peters*, 411.

5th. The mortgage to the appellant, being preferred as the only debt of the first class, is entitled to be paid first in order. (In fact, the debts of the second class, with the assent of Mr. Starr, were paid, in full, as if they had been the first class; but this does not interfere with the relative positions of the appellant and the exceptants.) As the fund is not sufficient to pay the mortgage, he is entitled to receive what remains, in part of his mortgage.

*S. T. Wallis*, for the appellees.

1st. Starr was in fact a partner. The evidence establishes that the mortgage from Slaney to Starr was not given as security for a loan, but as security for the performance of a contract to re-purchase, at a future period the interest bought by Starr on the 16th March 1855. The dealings of the parties in relation to the mortgage and to the interest bought by Starr, confirm the direct evidence upon this point.

2nd. The entries made in Starr's account in the books of the Phœnix Metre Company, and the alterations of entries at the time of insolvency of Slaney and the assignment in trust, indicate a purpose to defraud the real creditors of the Phœnix Metre Company, by changing the relation of Starr from that of partner, to that of a creditor.

3rd. The claim of Starr on open account is not entitled to payment in any event, because it does not come within any class of preferred claims, and the fund is insufficient to pay all creditors. Starr has never executed a release in accordance with the provisions of the deed of trust.

4th. The view of the appellees is, not merely that Starr was a partner of Slaney, as to third persons (as the 2nd point of the appellant assumes,) but that Starr and Slaney were covertly, partners *inter sese*. But, even if they were only partners as to creditors, it would be none the less incompetent and fraudulent in Slaney, as against creditors, to give to Starr, as a creditor, a preference, out of the assets of the concern—nay, to the extent of all the assets, over the very creditors to whom he is responsible, as partner, for the very debts which such preference would exclude. The cases (6 *Gill*, 423, and 2 *Md. Rep.*, 1,) cited by the appellant, under his 2nd point, legitimate no such transaction.

5th. The appellees have done nothing which estops them from denying the validity of Starr's claims, as the 4th

9    v. 22.

point of the appellant supposes. They have not assailed the deed, as void, and sought to claim under it, at the same time, as valid. They are only contesting the validity of the claims of one creditor, among the many for whose benefit the deed was intended. They are not contending that the claims of Starr may not be valid, as against Slaney, but only that they are invalid as against themselves, (the appellees.) If Slaney had reserved a sum of money to himself, by way of preference, out of the trust assets, creditors could not be construed to lose their right of disputing such a preference, merely by having claimed their own debts under the deed.

The law is clear, that a deed of trust for the benefit of creditors, may be perfectly valid as to *bona fide* creditors, while it is invalid as to parties whom it may fraudulently set up as such. Impeachment of such pretended debts and of the capacity of the deed to enforce them, is entirely consistent with the assertion of rights by the *bona fide* impeaching creditor, under other provisions of the deed. This general proposition is laid down in the cases of *Billups vs. Sears*, 5 *Grattan*, 31. *Anderson vs. Hooks*, 9 *Ala.*, 712. *Skipwith vs. Cunningham*, 8 *Leigh*, 293. *Prince vs. Shepard*, 9 *Pick.*, 176. And the principle is carried out in, *Worthington vs. Bullitt*, 6 *Md.*, 198.

The following cases cited by this court in *Gould vs. Horsey*, 4 *Md. Rep.*, 306, which the appellant refers to, under his 4th point, will show that, even under the Bankrupt and Insolvent Laws, a foreign creditor is not held to have estopped himself from disputing the discharge by merely participating in the proceedings. It must appear that he participated by claiming under, or acquiescing in them. *Van Hook vs. Whitlock*, 26 *Wendell*, 43. *McCarty vs. Gibson*, 5 *Grattan*, 328. *Norton vs. Cook*, 9 *Conn.*, 314. *Phillips vs. Allan*, 8 *B. & C.*, 477. (15 *E. C. L. R.*, 269.) *Glenn vs. Boston, &c. Glass Company*, 7 *Md. Rep.*, 295.

The creditors here can hardly be deemed to have acquiesced in the validity of Starr's claims, by asserting their own, when in the very act of so doing, they deny that his are valid. Even a party coming in under an insolvent proceeding, is surely not deemed to have precluded himself from disputing the validity of all the fraudulent claims which the applicant may have collusively admitted in his schedule.

Besides, Starr's mortgage, here, if valid at all, derives its validity from its own merits, independently of and not through the deed of trust, and to question it, is therefore, not to question the latter. And as to the open account, it is not specified in the deed of trust, at all, and must be shown affirmatively to be a valid claim under the deed, before it can be held within the terms of the latter. It may therefore, be resisted without any impeachment of the deed, whatever.

The case of *Lanahan vs. Latrobe,* 7 *Md.,* 268, was a case of a different class. There, the creditor was asserting a judgment lien, at law, on the ground that the deed of trust was absolutely null, while he was seeking a dividend in equity, on the ground that it was valid. But, even there, he was only held to an election, and it is clear that where an election is compellable, the party may pursue both remedies until he is compelled to elect, upon application. *Gibson vs. Finley,* 4 *Md. Ch. Dec.,* 75.

· 6th. The open account filed by Starr, will be shown not only to be exceptionable, because he was a partner, but because, as the books and other evidence will prove, it was not due.

BARTOL, J., delivered the opinion of this Court.

THIS appeal was taken from an order of the Superior Court of Baltimore City, finally ratifying an auditor's account, which rejected the mortgage claim of John F. Starr, the appellant, and distributed a trust fund to and

among the appellees. The fund came to the hands of Charles Marshall, Esq., under the deed of trust of October 7th 1857, executed by John M. Slaney, Sr., trading in the name of the Phœnix Metre Company. The deed directs the trustee after paying expenses, to pay: 1st. To John F. Starr $7,500.00 and interest, secured by a mortgage on the real and personal property of John M. Slaney, Sr. 2nd. To pay salaries of clerks and wages of workmen. 3rd. To pay borrowed money. 5th. To pay claims of creditors who shall release within sixty days. 5th. To pay all other creditors.

The trustee filed a petition praying that the trust might be administered by the Superior Court, gave bond, notified creditors to file their claims, and reported his sales.

The auditor stated an account by which the balance, after payment of expenses, was applied to the part payment of John F. Starr's mortgage claim. The appellees who are creditors of Slaney, excepted to the auditor's account, alleging that Starr was a partner in the business conducted by Slaney, under the name of the Phœnix Metre Company, and that his mortgage claim had no validity as against the creditors of said Slaney and said partnership. The cause was remanded to the auditor, with instructions to take testimony in the matter of the exceptions. The testimony taken before the auditor was returned to the Court accompanied by a report, in which the auditor states his conclusion from the evidence to be, that Starr was a partner, rejected his claims and stated another account (marked B,) in conformity with his views of the evidence. The Court adopted the auditor's conclusion and passed a decree rejecting the appellant's claim, and ratifying account B.

The main question involved in this appeal is, whether upon the evidence in the cause, the appellant, Starr, is responsible to the creditors as a partner in the business

conducted under the name of the Phœnix Metre Company. We have carefully examined the testimony, and concur with the Superior Court in the conclusion, that Starr was a partner, at least so far as third persons, creditors, are concerned. Without entering into a particular discussion of the facts appearing in evidence, which have led us to this conclusion, we may remark that by the original transaction of purchase from Tansley & Rollins of their two shares, or one-half of the concern, although the transfer of the same was made to John M. Slaney, Sr., yet the beneficial interest or ownership thereof actually passed to Starr, who furnished and paid the purchase money; and the facts accompanying the transaction show, that the mortgage for $7,500 was not given to secure to Starr the payment of a debt due him of that amount, but as collateral security for the performance of a contract of purchase, of his two shares, or half of the concern, by Slaney, Sr. This view is supported by the testimony of the witnesses, and corroborated by the subsequent dealings and transactions of the Metre Company, as disclosed by their books.

We think the Superior Court was correct in ratifying account B, as stated by the auditor, and applying the trust fund to the payment of the appellees, who were creditors of the fourth class, to the exclusion of the mortgage claim of the appellant Starr; unless the appellant is right in the proposition asserted in the 4th point of his brief, which is now to be considered. This proposition denies to these objecting creditors the right to contest the validity of the appellant's mortgage, or to claim against it; because, as they come in under the deed, claiming under its provisions, it is said they must give effect to all its provisions, and cannot claim against any of the trusts therein declared.

In support of this view a number of cases were cited by the appellant, all of them asserting the principle that

a party is not allowed to take a benefit under a will or deed, and at the same time defeat the provisions of the instrument, but in such case is put to his election. There is no rule of Equity better established, but in the opinion of this Court it is not applicable to the question now presented. Here the contesting creditors are not assailing the deed, as void, and at the same time claiming under it as valid. They do not deny the validity of Starr's claim as against Slaney, but deny its validity as against themselves. They are one class of persons for whose benefit the deed was made, and are contesting the claim of another creditor named in the deed. This it is competent for them to do, without any violation of the equitable principle to which we have referred. If the party named as a creditor, whose claim is contested, be not in fact a creditor at all, or if his claim had been paid, other creditors for whose benefit the deed was intended, would not be estopped from asserting or proving such fact, by coming in and claiming the benefit of the trust in their favor under the deed. Here, Starr's mortgage, as has been correctly argued by the appellees, if valid at all, must derive its validity from its own intrinsic merits, independently of, and not through the deed of trust; and to question it therefore, is not to impeach or to invalidate the deed. If the mortgage be legally inoperative and void as against the appellees, the principle of equitable election does not apply to them. They may claim under the deed, and are not estopped from insisting upon the invalidity of the mortgage. This rule is distinctly asserted in *White & Tudor's Lead. Ca. in Equity,* 65 *Law Lib.,* 275, and was recognized by this Court in *Tongue vs. Nutwell,* 17 *Md. Rep.,* 229.

Entertaining the opinion upon the evidence, that the appellant was as to the creditors a partner, and as such not entitled out of the trust fund to satisfaction either of his mortgage debt, or his account, to the exclusion of the

Jackson et al. *vs.* West et al.

claims of the appellees, a decree will be signed affirming the decree of the Superior Court, from which this appeal was taken, and remanding the cause for further proceedings.

*Decree affirmed and cause remanded.*

(Decided October 7th 1864 )